IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE TEXAS IRON WORKERS' PENSION PLAN, TRUSTEES OF THE TEXAS IRON WORKERS' HEALTH BENEFIT TRUST FUND, TRUSTEES OF THE TEXAS IRON WORKERS' DEFINED CONTRIBUTION RETIREMENT PLAN, AND TRUSTEES OF THE TEXAS IRON WORKERS TRAINING TRUST, | § § § § § § § § § | |
| Plaintiffs | § § | CIVIL ACTION NUMBER |
| VS. | § § § | |
| TENNESSEE VALLEY INDUSTRIAL CORPORATION, | § § § | |
| Defendant | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The Trustees of the Texas Iron Workers' Pension Plan, the Trustees of the Texas Iron Workers' Health Benefit Trust Fund, the Trustees of the Texas Iron Workers' Defined Contribution Retirement Plan, and the Trustees of the Texas Iron Workers Training Trust, hereinafter referred to collectively as "Plaintiffs," or "Trust Funds," complain of and against Tennessee Valley Industrial Corporation, hereinafter referred to as "Defendant," and for cause of action would respectfully show unto the Court as follows:

### NATURE OF THE ACTION

1.     This is a cause of action for the collection of certain principal sums, interest, and fees, by Trustees of employee pension benefit plans and employee welfare benefit plans to secure performance by an employer for specific statutory and contractual obligations to submit

1

contribution reports and to pay delinquent employer contribution payments, interest, and fees thereon.  This Complaint alleges that by failing, refusing, or neglecting to submit contribution reports and to pay delinquent employer contributions and interest thereon to the Plaintiffs' Funds, Defendant violated a Collective Bargaining Agreement, the Funds' Participation and Trust Agreements, and the Employee Retirement Income Security Act of 1974, as amended.  Plaintiffs also request a preliminary injunction under Federal Rule of Civil Procedure 65 to require Defendant forthwith to submit delinquent employer contribution reports and to pay delinquent employer contributions to Plaintiffs' employee welfare benefit plans and employee pension benefit plans in order to prevent irreparable harm to the Funds and Defendant's employees and their dependents under the terms of a Collective Bargaining Agreement as contemplated by Section 301 (29 U.S.C. Section 185) of the Labor Management Relations Act (29 U.S.C. Section 141, *et seq*.), hereinafter called the "LMRA."

## JURISDICTION

2.      Jurisdiction lies in this Court by the express terms of Section 301(a), LMRA as against an employer engaged in an industry affecting commerce and under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) [29 U.S.C. Sections 1132 and 1145], as amended, and by the Multiemployer Pension Plan Amendments Act of 1980, 94 Stat. 1208, [29 U.S.C. Sections 1132, 1145 and 1451].  Jurisdiction is further conferred upon this Court under 28 U.S.C. Section 1331 based upon a federal question.  Jurisdiction is further conferred on this Court under 28 U.S.C. Section 1337 based upon civil actions arising under Act of Congress regulating commerce.  Defendant has availed itself upon the jurisdiction of this Court by working and doing business within the jurisdiction of this Court and the jurisdiction of Plaintiffs' Collective Bargaining Agreement with Defendant.

## VENUE

3.　　Venue properly lies within the Southern District of Texas, Houston Division, under Section 502(e)(2) of ERISA, [29 U.S.C. Section 1132(e)(2)].  Service of process may be made on Defendant in any other district in which it may be found under ERISA Section 502(e)(2), [29 U.S.C. Section 1132(e)(2)].

## PARTIES

4.　　**Plaintiff, Trustees of the Texas Iron Workers' Pension Plan**, ("Pension Plan") is the Administrator of an employee pension benefit plan and employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(2) and (3) and 1132(d)(1)].  The Pension Plan is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145].  The Board of Trustees of the Pension Plan is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)].  The purpose of the Pension Plan is to provide pension benefits to eligible participants on whose behalf employers contribute under the Collective Bargaining Agreements with the Iron Workers District Council of Texas and the Mid-South States and affiliated local unions.  The Pension Plan maintains its office and is administered at Zenith American Solutions, 9555 West Sam Houston Parkway South, Suite 400, Houston, Texas 77099.

5.　　**Plaintiff, Trustees of the Texas Iron Workers' Health Benefit Fund**, is the Administrator of an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(1) and (3) and 1132(d)(1)], and is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145].  The Board of Trustees of the Texas Iron Workers' Health Benefit Fund is authorized to maintain suit as an independent legal entity under ERISA Section

3

502(d)(1) [29 U.S.C. Section 1132(d) (1)].  The purpose of the Texas Iron Workers' Health Benefit Fund is to provide health, medical and pharmaceutical benefits to eligible participants and their dependents on whose behalf employers contribute under the Collective Bargaining Agreements with the Iron Workers District Council of Texas and the Mid-South States and its affiliated local unions.  The Texas Iron Workers' Health Benefit Fund maintains its office and is administered at Zenith American Solutions, 9555 West Sam Houston Parkway South, Suite 400, Houston, Texas 77099.

6.     **Plaintiff, Trustees of the Texas Iron Workers' Defined Contribution Retirement Plan**, ("D.C. Plan") is the Administrator of an employee pension benefit plan and employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(2) and (3) and 1132(d)(1)].  The D.C. Plan is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145].  The Board of Trustees of the D.C. Plan is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)].  The purpose of the D.C. Plan is to provide an annuity benefit to eligible participants on whose behalf employers contribute under the Collective Bargaining Agreements with the Iron Workers District Council of Texas and the Mid-South States and affiliated local unions.   The D.C. Plan maintains its office and is administered at Zenith American Solutions, 9555 West Sam Houston Parkway South, Suite 400, Houston, Texas 77099.

7.     **Plaintiff, Trustees of the Texas Iron Workers Training Trust** ("Training Trust"), is the Administrator of an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and 3 and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(1) and (3) and 1132(d)(1)], and is a multiemployer plan within the meaning of Sections 3(37) and 515 of

4

ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the Training Trust is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d) (1)]. The purpose of the Texas Iron Workers Training Trust is to provide apprentice training and upgrading benefits to eligible participants on whose behalf employers contribute under the Collective Bargaining Agreements with the Iron Workers District Council of Texas and the Mid-South States and its affiliated local unions. The Texas Iron Workers Training Trust maintains its office and is administered at Zenith American Solutions, 9555 West Sam Houston Parkway South, Suite 400, Houston, Texas 77099.

8.      **Defendant, Tennessee Valley Industrial Corporation**, is a foreign corporation authorized to do business in the State of Kentucky and doing business of the State of Texas.

**Tennessee Valley Industrial Corporation** is an employer within the contemplation of Sections 3(5) and 515 of ERISA [29 U.S.C. Sections 1002(5) and 1145] and Section 301 of the Act and may be reached for service of process by serving its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

**FACTS**

9.      Defendant executed and delivered a written Adoption Agreement, which adopts the collective bargaining agreement between the Iron Workers District Council of Texas and the Mid-South States and the Texas Iron Workers Employers Association. The Adoption Agreement provides, *inter alia* for wages, benefits and working conditions. It sets forth the obligations of Defendant to comply with the established Plaintiffs' Trust Funds wherein Defendant promised to comply with the terms and conditions as set forth therein. The negotiated contracts between the Plaintiffs' Trust Funds and Defendant provide for certain monetary contributions being paid into

the Plaintiffs' Trust Funds and are more specifically set forth in the respective Declarations of Trust and all amendments thereto.

10.     The Trust Funds named herein are express trusts created under an Adoption Agreement between the Iron Workers District Council of Texas and the Mid-South States, as Union, and the Texas Iron Workers Employers Association, together with various employers and employer associations in the iron working industry as employer.  The trusts were created and now exist subject to the provisions of Section 302, LMRA (29 U.S.C. Section 186).

11.     The Trust Fund Agreements provide that in the event any of the monthly contributions were not paid when due, Defendant shall pay Plaintiffs on account of each delinquency a sum designated as liquidated damages, and not as a penalty.

12.     That by the terms of the Trust Agreements for Plaintiff Trust Funds and the Collective Bargaining Agreement heretofore mentioned, Defendant became obligated to make payments on the employees covered by the Collective Bargaining Agreement in effect in the area in which it was operating or working by virtue of the agreements.  That Defendant agreed to deposit health benefit, pension, defined contribution, and training trust contributions each month, or at such regular intervals as may be determined by the Trustees of the Funds to the depository designated by the Trustees.

**FIRST COUNT**

**ERISA VIOLATIONS AND BREACH OF CONTRACT**

13.     That Defendant breached its agreement with Plaintiffs by failing and refusing to submit requisite and timely payments of monthly employer contributions and corresponding employer reporting forms to Plaintiffs' Trust Funds since at least August 2019.

14.     Plaintiffs would further show that several demands have been made on Defendant to submit the employer contributions and corresponding employer reporting forms listing all of Defendant's employees working in covered employment, but despite an early agreement by Defendant to comply with Plaintiffs' demands, Defendant has failed and refused to fulfill those promises.

15.     In order to confirm the accuracy of certain payments made and to account for those employer contributions not remitted to Plaintiffs' Trust Funds, a payroll audit of Defendant's books and records is necessary, which could result in Defendants' liability for a deficiency in the payment of employer contributions plus liquidated damages, interest, and attorney's fees, as hereinafter alleged.

16.     That under the agreements as referred to herein above and 29 U.S.C. Section 1132, Plaintiffs are additionally entitled to interest at the rate not to exceed twenty percent (20%) per annum of the principal deficient amount from the date the monies were due Plaintiffs and liquidated damages in the amount not to exceed twenty percent (20%) of the aggregate of principal and accrued interest upon the date of payment to Plaintiffs.

17.     Plaintiffs are authorized to collect, on behalf of the Local Union sponsoring each of the Taft-Hartley employee benefit plans, working assessments and supplemental dues.  These monetary amounts have been contracted for by and between Defendant and the Texas Iron Workers' Local Union and have accordingly been deducted from the employees' wages to be paid directly to the administrative manager of Plaintiffs' Funds for distribution to the Local Union.

## SECOND COUNT

## CLAIM FOR INJUNCTIVE RELIEF

18.     Defendant, since initial participation in Plaintiffs' Trust Funds, has repeatedly submitted untimely contribution reports, and intermittently paid employer contributions due only after numerous demands for payments and threats of litigation have been made by Plaintiffs.

19.     By failing, neglecting or refusing to submit required contributions and reports to Plaintiffs, Defendant violated Section 515 of ERISA [29 U.S.C. Section 1145] as well as the Trust Funds' Participation Agreements and respective Trust Agreements, which are enforceable under Section 502(a)(3) of ERISA [29 U.S.C. Section 1132(a)(3)].

20.     Plaintiffs may be owed additional sums and cannot state with particularity the total amount of contributions due from the date of this Complaint going forward since Defendant failed to submit employer contributions on a timely and accurate basis as demanded and Plaintiffs will be forced to project those employer contributions based upon sound accounting practices and general fiscal forecasting.

21.     The Health Benefit Fund depends on receipt of current employer contributions and investment income thereon to meet its premium obligations under the Plan.  The Health Benefit Fund expected and relied on receipt of contributions from the Defendant in undertaking financial commitments, including the obligation to pay benefits to Defendant's employees and their dependents and other Plan participants and dependents not working for the Defendant but working for other employers within the Plan.  The loss of this expected income has caused the Health Benefit Fund irreparable harm in that it has used up reserves, foregone investment income, and otherwise suffered financial distress.

22.     The Board of Trustees has been reluctant to terminate the benefits to Defendant's innocent employees who are Plan participants and their dependents, in consideration of the distress such action would cause them and their families, and of the promises of imminent payment by Defendant.  However, the Health Benefit Fund can no longer afford to continue providing benefit coverage to Defendant's employees and dependents without receipt of all due contributions and the Board of Trustees will be compelled to terminate benefits if the Court does not grant preliminary relief.

23.     Defendant's actions have caused irreparable harm to its employees and their dependents in that, if the Board of Trustees is compelled to expel Defendant from participation in the Health Benefit Fund and/or withholds eligibility and benefits to Defendant's employees and their dependents, irreparable harm will result in that the employees and their dependents will immediately lose their benefits under the Health Benefit Plan.

24.     Plaintiff Pension Plan depends on receipt of current employer contributions in order to meet or exceed its actuarial evaluations while investing such sums with money managers for the sole and exclusive benefit of the Plan's participants and beneficiaries.  Without such contributions, the Plan suffers the loss of principal and accrued interest income that has a direct impact upon the soundness of the Pension Plan.  As a defined benefit plan, only strict compliance with the contribution requirements of the employers will enable the Plan to meet its actuarial assumptions to provide the plan participants and their beneficiaries with pension income relied upon over the years of faithful service.  The loss of this expected income has caused, and will continue to cause, the Pension Plan irreparable harm.

25.     The plan participants of Plaintiff Defined Contribution Plan depend upon receipt of current employer contributions in order maintain their individual accounts for investment in the

various investment options provided by the Trustees.  Without the employer contributions, the plan participant will not receive all the potential investment income attributed to the hours worked by the participant.  The harm done to each affected plan participant may be incalculable based upon the market conditions and lost investment opportunity.

26.     There exists no prompt or adequate remedy at law to redress the violation of ERISA as set forth herein above.

27.     It has been necessary for Plaintiffs to engage the law firm of Conner & Winters, LLP, for the purpose of enforcing the payroll audit requirements of the Plaintiffs' Trusts and ultimately for recovering and collecting the employer contributions and damages required by the above-referenced agreements and seeking injunctive relief and Plaintiffs are entitled to actual attorney's fees in connection therewith.  In conformity with ERISA Section 502(g)(2) (as amended 1980 [29 U.S.C. Section 1132(g)(2)]) for the enforcement of ERISA Section 515 (29 U.S.C. Section 1145), the Court, in which the judgment in favor of the Trust is rendered, shall award the unpaid contributions, interest, attorney's fees, liquidated damages, and costs of court and, in accord with the law, Plaintiffs seek and demand payment thereof.

28.     Plaintiffs have performed all conditions precedent on their part to be performed under the terms of the aforementioned agreements.

29.     A true and correct copy of this Original Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by law, ERISA Section 502(h), 29 U.S.C. Section 1132(h).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited, in terms of law, to appear and answer herein and upon final hearing hereof, Plaintiffs have judgment of and against Defendant, as follows:

a.  Plaintiffs shall be entitled to full access of Defendant's payroll records for purposes of completing a payroll audit for the period January 1, 2019 through the date of the audit.

b.  That upon completion of the payroll audit of Defendant's payroll records, Plaintiffs shall be entitled to the full amount due and owing the Texas Iron Workers' Health Benefit Fund, the Texas Iron Workers' Pension Plan, the Texas Iron Workers' Defined Contribution Retirement Plan, and the Texas Iron Workers Training Trust;

c.  That Plaintiffs be awarded unpaid supplemental dues and working assessments on behalf of the agencies for which they are empowered to collect these sums;

d.  That Plaintiffs be awarded accrued pre-judgment interest on all contributions at the rate of one and one-half percent (1½%) per month in accordance with ERISA Section 502(g)(2) and contract;

e.  That Plaintiffs be awarded liquidated damages on all employer contributions now due and which accrued during the pendency of this action in accordance with ERISA Section 502(g)(2) and the Trusts Agreements, in an amount not to exceed 20% of the contributions due;

f.  That a preliminary injunction be ordered against Defendant requiring submission of all employer contributions and delinquent employer contributions now due to the Texas Iron Workers' Health Benefit Fund, the Texas Iron Workers' Pension Plan, the Texas Iron Workers' Defined Contribution Retirement Plan, and the Texas Iron Workers Training Trust immediately;

g.  That an Order permanently enjoining Defendant and its agents, directors, officers, successors and assigns, for so long as they remain obligated to contribute to Plaintiffs Texas Iron Workers' Health Benefit Fund, Texas Iron Workers' Pension Plan, Texas Iron Workers' Defined Contribution Retirement Plan, and the Texas Iron Workers Training Trust, from failing, refusing or neglecting to submit monthly employer contribution payments and monthly reports in a timely manner;

h.  That Plaintiffs be awarded reasonable attorney's fees in accordance with ERISA Section 502(g)(2);

i.  That Plaintiffs be awarded all costs of Court incurred herein; and

j.  That Plaintiffs be awarded such other and further relief as the Court deems just.

Respectfully submitted,

  /s/ Douglas M. Selwyn
Douglas M. Selwyn
S.D. TX No. 507
State Bar No. 18022250
dselwyn@cwlaw.com
Ashley L. Selwyn
S.D. TX No. 2276925
State Bar No. 24088390
aselwyn@cwlaw.com
808 Travis Street, 23rd Floor
Houston, Texas 77002
Telephone: (713) 650-3850
Facsimile: (713) 650-3851

ATTORNEY IN CHARGE FOR PLAINTIFFS

OF COUNSEL:
CONNER & WINTERS, LLP
808 Travis Street, 23rd Floor
Houston, Texas 77002